UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY B. PRICE,

    Plaintiff,

        v.

SUPERINTENDENT, PASQUOTANK
CORRECTIONAL INSTITUTION, *et al.*,

    Defendants.

Civil Action No. 03-1634 (JDB)

### MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's *pro se* complaint. For the reasons explained below, the Court will dismiss the complaint.

Plaintiff currently is incarcerated at the Pasquotank Correctional Institution in Elizabeth City, North Carolina. He alleges that defendants "have computerized [his] brain by selling [him] a radio out of the canteen that they had computerized," and that the radio creates "computerized sickness" and other ailments. Compl. at 1. He further alleges that defendants contaminate his food by "putting blood in the middle of cream potatoes, injecting things into milk . . . [and] put[ting] glass flakes in the pancakes." *Id.* at 3. The purposes of these actions, plaintiff alleges, are to control his thoughts and body functions and, eventually, to murder him. *Id.* at 6, 9.

Although plaintiff was allowed to proceed *in forma pauperis* in this case, a federal court shall dismiss a case at any time if the court determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). A trial court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Clearly baseless claims include those describing fantastic or delusional scenarios.  *Neitzke*, 490 U.S. at 328.  A trial court is not bound to accept without question the truth of the plaintiff's allegations; it is entrusted with the discretion to determine whether a claim is frivolous.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Although the "initial assessment of the in forma pauperis plaintiff's factual allegations must be weighted in favor of the plaintiff," a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . .." *Denton*, 504 U.S. at 32, 33.

     Having reviewed plaintiff's complaint, the Court concludes that plaintiff's claims are baseless and irrational.  Accordingly, the Court will dismiss the complaint as frivolous.  An Order consistent with this Memorandum Opinion will be issued separately on this date.

          /s/    John D. Bates
          JOHN D. BATES
          United States District Judge

Dated: October 24, 2003